IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY PARKER, #407930 | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. RWT-13-1948 |
| MARTIN O'MALLEY | * | |
| RODERICK SOWERS | | |
| WAYNE WEBB | * | |
| Defendants. | | |
| | ***** | |

**MEMORANDUM OPINION**

I.   PROCEDURAL HISTORY

Plaintiff's 42 U.S.C. § 1983 civil rights action was received for filing on July 3, 2013. Compl., ECF No. 1. The Complaint, filed when Plaintiff was confined in a Maryland Correctional Institution in Hagerstown ("MCIH") building (WB-67), contends that the building was ordered closed, yet remains occupied by inmates. Plaintiff claims that the building contains "black mole [sic] spores[,] mildew [and] unsanitary conditions as well as other hazards." *Id.* at 2. He further alleges that the drinking water is toxic, that he has developed an allergy and a skin rash from the aforementioned conditions, and that the respondents and their agents are deliberately indifferent to his health. *Id.* He seeks injunctive relief to have the building closed down and compensatory and punitive damages. *Id.*

II.   PENDING DISPOSITIVE MOTIONS

Defendants have filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. ECF No. 15. Plaintiff has filed his Opposition and subsequently submitted a Cross-Motion for Summary Judgment and for Appointment of Counsel. ECF Nos. 17 & 21. The case may be determined without oral argument. *See* Local Rule 105.6. (D. Md. 2014). For reasons to follow, Defendants' dispositive motion shall be granted.

III.	STANDARD OF REVIEW

    1.	Motion to Dismiss

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). "[S]omething beyond the mere possibility of loss causation must be alleged, lest a plaintiff with a 'largely groundless claim' be allowed to 'take up the time of a number of other people...'" *Id*. at 1966 (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005)). In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). However, "because the court is testing the legal sufficiency of the claims, the court is not bound by plaintiff's legal conclusions." *IFAST, Ltd. v. Alliance Solution Telecommunications Industry*, 2007 WL 3224582, *3 (D. Md. 2007).

    2.	Motion for Summary Judgment

Summary judgment is governed by Fed. R. Civ. P. 56(a), which provides, in part:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly

supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986) (emphasis in original). In resolving the motion, the court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.,* 290 F.3d 639, 644–45 (4th Cir. 2002). However, a "party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.,* 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). Moreover, the court must abide by the "'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Bouchat,* 346 F.3d at 526 (quoting *Drewitt v. Pratt,* 999 F.2d 774, 778–79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24 (1986)).

IV.   DISCUSSION

    1. Facts

In their motion, Defendants affirm, through the Declaration of MCIH Warden Webb, that Plaintiff was housed at the Western Program Development Center, Hut B, from October 17, 2012, until his transfer to the Maryland Correctional Training Center on July 2, 2013. Webb Decl., ECF Nos. 15-2 and 15-4. Warden Webb asserts that the building was not condemned. *Id.* Defendants further maintain that "Environmental Health, Safety, and Sanitation audits were conducted on January 16, 2012 and September 29, 2013," and that all deficiencies were "addressed and corrected." ECF No. 15-4. Further, State Employee Risk Management Administration inspections were conducted in September and October of 2013, and all deficiencies were "addressed and corrected."

ECF No. 15-2. A bacterial analysis of the water at MCIH is conducted quarterly and inspections which occurred during the time that Plaintiff was housed at the Western Program Development Center (WPDC), Hut B indicated that the water was safe for consumption. Webb Decl., Ex. 5, ECF No. 15-6. Further, fire safety inspections conducted in 2012 and 2013 revealed that MCIH was in "very substantial compliance." *Id.*, Ex. 6, ECF No. 15-7. The WPDC, where the Plaintiff was housed, was consistently found to be "OK" on these measures. *Id*.

Defendants acknowledge that Plaintiff complained of a pruritic rash while housed at MCIH and was repeatedly seen by medical staff. Webb Decl., Ex. 7. 20-23, 68, 70–72, 77, 79, 84, 97, 99, 100, ECF No. 15-8. Upon examination, light and dark patches were visible on his back and he was deemed to be suffering from dermatitis. *Id.* Plaintiff's rash apparently spread to his torso, arm, legs, and genitalia. He was prescribed a cream for the problem, but reported that the medication was not resolving the rash. In June of 2013, he was diagnosed with "hair and follicle disease." *Id.* at 63. Plaintiff was prescribed glycerin/mineral oil and a topical solution to apply to the affected sites. *Id.* at 61. On October 16, 2013, after his transfer to the Maryland Correctional Training Center (MCTC), Plaintiff was seen for a periodic physical examination. *Id.* at 43-44. No rashes or itching were noted. *Id*. 40–44; see also *Id.* at 118, 120, 124, 128, 130, 136, 138 and 140.

Defendants further assert that although Plaintiff filed administrative remedy procedure ("ARP") grievances regarding the aforementioned issues, he did not seek review at the Inmate Grievance Office ("IGO") level. Webb Decl., Ex. 9, ECF No. 15-9, and Oakley Decl., ECF No. 15-10.

2. Analysis

Defendants argue that Plaintiff's claims are barred due to his failure to exhaust his administrative remedies. The Court agrees. Title 42 U.S.C. § 1997e(a) provides that "[n]o action

shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Proper exhaustion of administrative remedies demands compliance with an agency's deadlines and other critical procedural rules because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). Administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. *See Jones v. Bock*, 549 U.S. 199, 215–16 (2007); *Anderson v. XYZ Correctional Health Services Inc.,* 407 F.3d 674, 682 (4th Cir. 2005). Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants. *Id.*

Plaintiff's claims fall under the exhaustion prerequisites of § 1997e(a), and must be dismissed unless he can show that he has satisfied the administrative exhaustion requirement or that defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003). In Maryland, filing a request for administrative remedy with the Warden of the prison in which one is incarcerated is the first of three steps in the ARP process provided by the Division of Correction. *See* Md. Code Ann. Corr. Serv. §§ 10–206, 10–210*;* Md. Regs. Code Title 12 § 07.01.03. If this request is denied, the prisoner has thirty calendar days to file an appeal with the Commissioner of Correction. *See* Maryland Division of Correction Inmate Handbook (2007), http://www.dpscs.state.md.us/rehabservs/ doc/pdfs/2007_Inmate_Handbook.pdf. If an appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive Director of the Inmate Grievance Office. *Id.* at 30–31. Plaintiff's failure to exhaust administrative

remedies is clear. The unopposed record shows that Plaintiff had access to the ARP grievance process and frequently availed himself of it, but chose not to submit his claims to the IGO.

Alternatively, after examination of the Complaint and Defendants' Motion for Summary Judgment, the undersigned finds that there is no genuine dispute as to any material facts showing constitutional violations. An inmate may set out a conditions of confinement claim by alleging that he was deprived of a basic human need which was "objectively sufficiently serious" and that subjectively prison officials acted with a "sufficiently culpable state of mind" to expose him to those conditions. *See Strickler v. Waters*, 989 F. 2d 1375, 1379 (4th Cir. 1993). Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992). Such deprivations may be demonstrated by producing evidence of a serious or significant physical injury resulting from the challenged conditions, *Strickler*, 989 F. 2d at 1380-81; *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997), or by demonstrating an unreasonable risk of serious harm resulting from the unwilling exposure to the challenged conditions. *See Helling v. McKinney*, 509 U.S. 25, 29–33 (1993) (exposure to environmental tobacco smoke). Also, determining whether prison conditions become cruel and unusual requires examination of the effect on the inmate. *See Rhodes v. Chapman*, 452 U.S. 337, 364 (1981).

According to the record, the environment, health, safety, and sanitation at MCIH is routinely tested. Any deficiencies have been corrected by the DPSCS. No serious problems have been discovered. There is no dispute that Plaintiff suffered from a rash while housed at MCIH. There is no showing, however, that Plaintiff, who has a prior history of hypertension, Hepatitis C, and dry skin, suffered any medical consequences directly related to his exposure to the environment at the

Western Program Development Center, Hut B for the nine-month period he was housed in that building. No Eighth Amendment violation has been demonstrated.[1]

V.   Conclusion

Having found no genuine dispute of material fact justifying a trial on the merits in this case, Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, construed as a Motion for Summary Judgment, shall be granted.  Plaintiff's Cross-Motion for Summary Judgment shall be denied.[2]  A separate Order shall be entered forthwith.


Dated: July 22, 2014                                                    /s/
                                                            ROGER W. TITUS
                                                            UNITED STATES DISTRICT JUDGE

---

[1] In light of Plaintiff's failure to exhaust administrative remedies and the absence of an Eighth Amendment deprivation, the Court sees no need to address Defendants' qualified immunity argument.

[2] In light of the Court's decision, Plaintiff's Motion to Appoint Counsel shall be denied as moot.